Jonah A. Grossbardt (State Bar No. 283584)
**SRIPLAW, P.A.**
1801 Century Park East
Suite 1100
Los Angeles, CA  90067
323.364.6565 – Telephone
561.404.4353 – Facsimile
jonah.grossbardt@sriplaw.com

Attorneys for Plaintiff
BRYAN E. GLYNN

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

BRYAN E. GLYNN,

      Plaintiff,

v.

LA LOUNGE LLC,

      Defendant.

CASE NO.:  2:18-cv-06774

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

**JURY TRIAL DEMANDED**

## COMPLAINT FOR COPYRIGHT INFRINGEMENT
(INJUNCTIVE RELIEF DEMANDED)

 Plaintiff BRYAN E. GLYNN by and through his undersigned counsel, brings this Complaint against Defendant LA LOUNGE LLC for damages and injunctive relief, and in support thereof states as follows:

1

## SUMMARY OF THE ACTION

1. Plaintiff BRYAN E. GLYNN ("Glynn") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Glynn's original copyrighted Works of authorship.

2. Bryan E. Glynn is an experienced professional photographer. Glynn is a master of lighting with extensive experience in using both natural light and flashes to get spectacular results in any environment. Glynn also is the founder of CigarObsession (at www.cigarobsession.com) and the producer of one of the most popular cigar video review YouTube channels.

3. Over the years, Glynn has worked in different areas of photography including architecture, weddings, models, landscapes, concerts, sports, and tabletop. Glynn has won many awards, both local and National, and his photographs have been published in magazines and newspapers across the country. Glynn's work can be identified at a glance for its crisp almost 3D look without using HDR; instead he uses off camera flash for dimension and pop, especially in his product work, which produces incredible details and dimension that stand out like a fingerprint for clients.

4. Defendant LA LOUNGE LLC ("LA Lounge") is a cigar retailer and lounge.

5. Glynn alleges that LA Lounge copied Glynn's copyrighted works from the internet in order to advertise, market and promote its business activities. LA Lounge committed the violations alleged in connection with LA Lounge's business for purposes of advertising and promoting sales to the public in the course and scope of LA Lounge's business.

## JURISDICTION AND VENUE

6. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

7. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

8. LA Lounge is subject to personal jurisdiction in California.

9. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendant engaged in infringement in this district, Defendant resides in this district, and Defendant is subject to personal jurisdiction in this district.

## DEFENDANT

10. La Lounge LLC is a California limited liability company with its principal place of business at 2521 West Manchester Boulevard, Inglewood, California, 90305, and can be served by serving its Registered Agent, Mr. Larry Solomon, at the same address.

## THE COPYRIGHTED WORKS AT ISSUE

11. In 2015, Glynn created 3 photographs entitled "150402pgpr0001-Edit", "201208181adcer0001-edit", and "20130708hul001-edit "which are shown below and referred to herein as the "Works".



150402pgpr0001-edit



201208181adcer0001-edit



20130708hul001-edit

12. At the time he created the Works, Glynn applied copyright management information to the Works consisting of a logo in the bottom left hand corner.

13. Glynn registered the Works with the Register of Copyrights on January 21, 2017 and was assigned the registration number VAu 1-271-409. The Certificate of Registration is attached hereto as Exhibit 1.

14. At all relevant times Glynn was the owner of the copyrighted Works at issue in this case.

## INFRINGEMENT BY DEFENDANT

15. LA Lounge has never been licensed to use the Works at issue in this action for any purpose.

16. On a date after the Works at issue in this action was created, but prior to the filing of this action, LA Lounge copied the Works.

17. LA Lounge copied Glynn's copyrighted Works without Glynn's permission.

18. After LA Lounge copied the Works, it made further copies and distributed the Works on the internet to promote the sale of goods and services as part of its cigar sales and lounge business.

19. LA Lounge copied and distributed Glynn's copyrighted Works in connection with LA Lounge's business for purposes of advertising and promoting

1   LA Lounge's business, and in the course and scope of advertising and selling

2   products and services.

3     20. Glynn's Works are protected by copyright but are not otherwise

4   confidential, proprietary, or trade secrets.

5     21. LA Lounge committed copyright infringement of the Works as

6   evidenced by the documents attached hereto as Exhibit 2.

7     22. Glynn never gave LA Lounge permission or authority to copy,

8   distribute or display the Works at issue in this case.

9     23. Glynn notified LA Lounge of the allegations set forth herein on April

10  4, 2018 and April 19, 2018.

11    24. When LA Lounge copied and displayed the Works at issue in this

12  case, LA Lounge removed Glynn's copyright management information from the

13  Works.

14    25. Glynn never gave LA Lounge permission or authority to remove

15  copyright management information from the Works at issue in this case.

16  **COUNT I**
**COPYRIGHT INFRINGEMENT**

17

18    26. Plaintiff incorporates the allegations of paragraphs 1 through 25 of

    this Complaint as if fully set forth herein.

19

20    27. Glynn owns a valid copyright in the Works at issue in this case.

21

SRIPLAW, P.A.
LOS ANGELES, CALIFORNIA

28. Glynn registered the Works at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

29. LA Lounge copied, displayed, and distributed the Works at issue in this case and made derivatives of the Works without Glynn's authorization in violation of 17 U.S.C. § 501.

30. LA Lounge performed the acts alleged in the course and scope of its business activities.

31. Glynn has been damaged.

32. The harm caused to Glynn has been irreparable.

## COUNT II
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

33. Plaintiff incorporates the allegations of paragraphs 1 through 25 of this Complaint as if fully set forth herein.

34. The Works at issue in this case contains copyright management information ("CMI").

35. LA Lounge knowingly and with the intent to enable or facilitate copyright infringement, removed CMI from the Works at issue in this action in violation of 17 U.S.C. § 1202(b).

36. LA Lounge committed these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of

Glynn's rights in the Works at issue in this action protected under the Copyright Act.

37. LA Lounge caused, directed and authorized others to commit these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Glynn's rights in the Works at issue in this action protected under the Copyright Act.

38. Glynn has been damaged.

39. The harm caused to Glynn has been irreparable.

WHEREFORE, the Plaintiff prays for judgment against the Defendant LA Lounge LLC that:

a. Defendant and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501, 1203;

b. Defendant be required to pay Plaintiff his actual damages and Defendant's profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. §§ 504, 1203.

c. Plaintiff be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon; and

d. Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: August 7, 2018

*/s/ Jonah A. Grossbardt*
JONAH A. GROSSBARDT
**SRIPLAW, P.A.**
Attorneys for Plaintiff Bryan E. Glynn

SRIPLAW, P.A.
LOS ANGELES, CALIFORNIA