Jonah A. Grossbardt (State Bar No. 283584)
**SRIPLAW, P.A.**
1801 Century Park East
Suite 1100
Los Angeles, CA 90067
323.364.6565 – Telephone
561.404.4353 – Facsimile
jonah.grossbardt@sriplaw.com

Attorney for Plaintiff
BRYAN E. GLYNN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN E. GLYNN,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>LA LOUNGE LLC,<br><br>　　　　　　Defendant. | Case No.: 2:18-cv-06774-VAP (SKx)<br><br>**DECLARATION OF BRYAN E. GLYNN IN SUPPORT OF APPLICATION FOR MOTION FOR DEFAULT JUDGMENT AGAINST LA LOUNGE LLC** |

I, Bryan E. Glynn, declare as follows:

　　　1.　　I am a professional photographer who resides in Florida. I am the plaintiff in the above-referenced action. I create and license photographic images for various uses, including architecture, weddings, models, landscapes, concerts, sports and tabletop. I provide this declaration in support of Plaintiff's Application for

1  Default Judgment against Defendant LA Lounge LLC ("Motion"). The following is

2  of my own personal knowledge, and if called as a witness in this matter, I could and

3  would competently testify thereto.

4      2.    Among my many copyrighted photographs are three images of cigars

5  taken in 2015 and titled "150402pgpr0001-Edit", "201208181adcer0001-edit", and

6  "20130708hul001-edit" (collectively the "Copyrighted Works"). I am the exclusive

7  owner of the copyrights in and to the Copyrighted Works. To create these

8  photographs, I invested hours of time and effort on the photo shoot itself and in later

9  production enhancing the quality of the image.

10      3.    Effective as of January 21, 2017, I obtained a registration with the United

11  States Copyright Office for a collection of photographic images entitled, "Cigar

12  Photographs" (Registration Number VAu 1-271-409), which covers (among other

13  images) the Copyrighted Works. Attached as Exhibit 1 to the Complaint filed on my

14  behalf in this action is a true and accurate copy of the certificate of registration with

15  the Copyright Office, identified as Registration Number VAu 1-271-409.

16      4.    The Complaint in paragraph 11 is a true and accurate copy of the

17  Copyrighted Works which were submitted (along with other photographs) with the

18  application for registration that resulted in Registration Number VA 1-271-409 by the

19  Copyright Office.

20

21

**SRIPLAW, P.A.**
LOS ANGELES, CALIFORNIA

5. I own all rights, title, and interest, including copyrights, in and to the Copyrighted Work.

6. I first learned of Defendant's unauthorized use of my Copyrighted Works on August 9, 2017.

7. I have agreed to license my photographs for commercial uses on prior occasions for $3,000. I believe that this $3,000 number should be multiplied by four for a total of $12,000 per photograph to deter future infringement for a total statutory damages award of $36,000 for Defendant's willful copyright infringement of my three photographs.

8. The techniques that I use are difficult to execute effectively. My photos are made using special photography capture techniques to capture photographs from perspectives that would not otherwise be possible.

9. Significant technical attributes were required to make the Copyrighted Work including; image location scouting to identify potential photo locations, angles; and using advanced photo exposure control, both in-camera and via post-production software, to ensure a common brightness, contract, clarity, color temperature, color saturation, color tonality, and image noise reduction.

10. The typical range of fees I receive for licensing the right to make commercial use and display of one of my copyrighted photographs similar in quality and popularity to the Copyrighted Work is $3,000-$5,000.

11. Had Defendant LA Lounge LLC ("Defendant") requested a license to reproduce and display the Copyrighted Works on its Website, I would have charged at least $3,000 per photograph for permission to use them on its website for a one-year term.

12. A significant portion of the revenue I generate from my photography work comes from licensing photos for secondary uses, such as the use made by Defendant. The ability of someone like Defendant to reproduce, distribute and display the Copyrighted Works for its own commercial benefit without compensation to me greatly impairs the market value of the Copyrighted Works since others competing with that business, or in related business areas, will not want to obtain a license to my work if it is already associated with a competing business.

13. The Copyrighted Works have lost significant value to its scarcity by the widespread and continuing dissemination resulting from Defendant's infringement.

14. I believe my damages to be $72,000 after considering a scarcity multiplier of 2 to the licensing fee of $36,000.

15. I consulted the Internet Archive Wayback Machine (the "Internet Archive") at the following address website address: http://web.archive.org/web/20170511001748/http://www.lalounge.us/. A true and correct copy of the Internet Archive Wayback Machine is attached hereto and Marked **Exhibit A**.

16. The Internet Archive shows use of the Copyrighted Works going back to May 1, 2017.

17. The Copyrighted Works was taken down by Defendant sometime after April 4, 2018.

18. The Copyrighted Works was used for almost one year by Defendant without a license.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 7th day of January 2019, at Land O Lakes, Florida.

_____
BRYAN E. GLYNN